## BASSE & BRO. v. T. L. DENNISTON.

1. In a suit to recover $6000, alleged to have been collected by the defendant for plaintiff in bills of exchange, the defendant read in evidence a receipt from plaintiff's agent which acknowledged the full payment "for the balance due on draft"; *held*, that a verdict for the plaintiff was error, in the absence of evidence that defendant was liable on more than one draft collected.

2. See this case for facts which entitled the party to a new trial.

APPEAL from Gillespie.    Tried below before the Hon. I. N. Everett.

This suit was brought by Denniston against Basse & Bro. in the District Court of Gillespie county, at the March term, A. D. 1871.    The petition alleged that Carl and Oscar Basse were partners in business under the firm name of Basse & Bro.; that they had collected, in 1870, a bill of exchange for $6000 gold, drawn in California, payable in New York to the order of D. Slator; that said Slator had since died; that plaintiff sued in the capacity of administrator of Slator's estate; and that the money so collected was never paid by defendants to either Slator or his administrator.

Basse & Bro. demurred to the petition on account of uncertainty, and Oscar Basse, one of the defendants, denied the alleged partnership with his brother under oath, and both defendants filed a general and special denial.

At the November term, 1871, Denniston amended his pleadings by saying that the money drawn by Basse & Bro. might have been either in one or more drafts, and by exhibiting his letters of administration on the Slator estate to the court.

Carl Basse also amended by setting out that if he ever collected a draft for Slator he did so in Slator's lifetime; that he paid over the money so collected, and that he had a fair and final settlement with Slator in his lifetime.

At the same term Basse & Bro. continued the case for the want of the testimony of Moss, the agent of Slator; and at the March term, 1873, the case was tried by a jury, who found for Denniston $1151 coin, upon which judgment was rendered and a new trial refused.

Moss, the brother of Slator's widow, swore that he was authorized by Slator to settle with Basse any amount due to Slator. The evidence showed that on the twenty-second of July, 1870, Damon Slator, then on his sick bed, in Llano county, authorized J. R. Moss, in writing, to receive and receipt for any amount of money drawn by Carl Basse on the draft belonging to Slator; and Moss, then agent of Slator, appeared in Fredericksburg, Gillespie county, the day following (July 22), and upon the presentation of the order of Slator the defendant, Basse (still retaining the old firm name of Basse & Bro.), paid over to him the sum of $1319 coin, it being the balance due Slator on the draft for $2470, collected by Basse through his commission merchants, F. Groos & Co. Moss signed the receipt, in which he acknowledged that the $1319 was the balance due, and in his deposition stated that amount was paid to him after a settlement had been made between himself, as agent of Slator, on the one part, and Basse on the other.

Though the receipt testified to by Moss was not contradicted, it would seem that the jury disregarded it. Subtracting the amount paid by Basse when the receipt in full was given, $1319, from the amount of the draft, $2470, it leaves the amount for which the verdict was returned, viz., $1151.

*Altgelt & Portis*, for appellants.

*A. O. Cooley*, for appellee.

WALKER, J.—We are not prepared to say that the ver-

dict of the jury in this case is not right, but the testimony of J. R. Moss, the principal witness for the appellee, is so indefinite and uncertain that we think it very probable the jury did not understand it, and have been led into a mistake. The receipt dated July 23, 1870, is "for the balance due on draft," $1319

Before the jury can find against the appellants, with this receipt before them, they must find that there was more than one draft passed between Slator and Basse & Bro., or that J. R. Moss had no authority to collect the money and give the receipt. The plaintiff below amended his petition and avers that there were more than one draft placed in the hands of defendants for collection, and that the drafts were of the aggregate value of $6000; but this amount must be clearly proven to contradict the receipt of July 23, 1870. We offer no comment on the weight of evidence; but that the verdict is the result of mistake in the facts is so probable in this case that we think a new trial should have been granted. The judgment of the District Court is therefore reversed and the cause remanded.